**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HAMILTON BROWN,**

      **Plaintiff,**

**v.**                                                    **Case No: 6:15-cv-1289-Orl-40DAB**

**ROBERT LUTTI, DEPARTMENT OF COURT RECORDS, JEREMY KOBESKI, PHELAN, HALLINAN DIAMOND & JONES, PENNYMAC MORTGAGE INVESTMENT TRUST, MICHAEL TRAINOR, BLANK ROME LLP, ALLEGHENY COUNTY COURT OF COMMON PLEAS and DISCIPLINARY BOARD OF THE STATE OF PENNSYLVANIA SUPREME COURT,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** Motion for Leave to Proceed in forma pauperis (Doc. No. 2)
>
> **FILED:** August 3, 2015
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **DISMISSED**.

Plaintiff seeks to proceed in this action *in forma pauperis*. In order to proceed this way, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. 28 U.S.C. § 1915(e)(2) (1996).

Plaintiff, proceeding *pro se*, has filed suit against a Pennsylvania state court judge and others who apparently participated in a foreclosure action that took place in Pennsylvania. As best as the Court can determine, Plaintiff complains that Judge Lutti entered a judgment in a foreclosure case against him, the County Records Department did not provide legible scans of his mortgage documents for his appeal, and Defendant Kobeski, an attorney in the case, moved for entry of judgment in the case. It appears that Plaintiff has filed suit against the Pennsylvania state court judge and erroneously contends this Court has jurisdiction to review the state court's actions in conducting the foreclosure action against him under various sections of the United States Constitution. He alleges:

> Plaintiff complains:
>
> [Judge] Lutti entered judgment when their [sic] was a motion for reconsideration still pending and Lutti knowingly and intentionally entered Judgment even when he knew or had reason to know that the underlying action had already been reversed on the same set of facts in the PA Superior Court from the previous assignee.
>     * * *
> Plaintiff noticed that he received the Motion for entry of Judgment from [Defendant] Kobeski right after he filed a Complaint against the Allegheny County Department of Court records for a separate matter of discrimination. Plaintiff believes that Defendants and the Department of Court Records conspired together to harass the Plaintiff. Plaintiff is an American Indian. On top of that the Department of Court Records and Kobeski conspired to put on the record illegible scans of Plaintiff's Mortgage documents and evidence so that it would be ignored by the Court and unuseful in any Appeal of the matter to the Superior Court. Kobeski and the other defendants intentionally, willfully and purposely delayed Defendant because of his class based status as an American Indian (a class) citizen of Pennsylvania and the Sioux Tribe in violation of 42 USC 1983; 42 USC 1985; *The Sioux Treaty of Fort Laramie*, 15 stat 635 (1868) and the Fifth and Fourteenth Amendment Due Process and Equal Protection Clauses. Defendants acted as "bad men" in violation of the Sioux Treaty and acted under color of state law to deprive and deny Plaintiff his Constitutional Rights and the Laws. Plaintiff was treated differently from Whites (a separate class) and this discrimination was purposeful rather than incidental.

Doc. 1 ¶¶ 3, 7.  Plaintiff seeks money damages of $3 million plus costs and "fees."  Doc. 1 ¶ 8.

The United States Congress has required that the district court review a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings in forma pauperis. The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue: or
> (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (1996) (formerly § 1915(d)).

As an initial matter, this Court is unclear why Plaintiff has filed a suit arising out of a Pennsylvania foreclosure of a Pennsylvania home in the Middle District of Florida or in the Orlando Division. Plaintiff has filed the identical lawsuit (with an exact copy of the complaint) in the Ft. Myers Division as well. *See Brown v. Lutti*, Case No. 2:15-cv-466-38CM. Although Plaintiff did not include his address under his signature as required by Federal Rule of Civil Procedure 11(a) and Local Rule 1.05(d), the postmark on the envelope[1] indicates it was mailed in Pittsburgh, Pennsylvania. Plaintiff has not alleged any connection whatsoever to the Middle District of Florida. Moreover, civil proceedings are to be filed in the Division encompassing the county having the greatest nexus with the cause, which in a foreclosure dispute would be where the real property is located (assuming jurisdiction). Local Rule 1.02(c); 28 U.S.C. § 1391(b) (civil action may be brought in a judicial district in which . . . a substantial part of property that is the subject of the action is situated).

---

[1] *See Brown v. Lutti*, Case No. 2:15-cv-466-38CM (Doc. 1 at 3).

To the extent Plaintiff seeks to challenge in federal court the decisions being made by a judge in a state court proceeding, the federal court is precluded from reviewing such decisions by the *Rooker-Feldman* doctrine, which provides that no federal court other than the United States Supreme Court can conduct appellate review of a state court decision unless Congress specifically permitted the review. *See District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983) (the United States District Court "has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923); *see Jallali v. American Osteopathic Assoc.*, 461 Fed. Appx. 838, 839 (11th Cir. 2012).

In addition, Judge Lutti, the state court judge who apparently decided the foreclosure case against Plaintiff, is entitled to absolute judicial immunity. Plaintiff alleges that Judge Lutti ruled against him in the foreclosure action by entering judgment and ignored mortgage documents scanned into the record by the Department of Court Records. Doc. 1 ¶¶ 3, 7. Plaintiff does not allege any particular conduct by Allegheny County Court of Common Pleas and the State of Pennsylvania Supreme Court, but to the extent he complains of conduct by a judge of either Pennsylvania state court, immunity would also apply to their actions.

A judge is entitled to absolute immunity for any acts that are within the function of his or her judicial office. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Lloyd v. Foster*, 298 Fed. Appx. 836, 840 (11th Cir. 2008); *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."). A court may dismiss an action *sua sponte* under 28 U.S.C. § 1915(e)(2) as frivolous when the defendant would be entitled to judicial immunity. *Mordkofsky v. Calabresi*, 159 F. App'x 938, 939 n.2 (11th

Cir. 2005). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation and internal quotation marks omitted). Judicial immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

To the extent Plaintiff attempts to state some sort of § 1983 civil rights claim against the other private-party Defendants—Jeremy Kobeski; Phelan, Hallinan Diamond & Jones; Pennymac Mortgage Investment Trust, Michael Trainor, and Blank Rome LLP –he cannot state a § 1983 claim against a private actor. As is plain from the statute, § 1983 only applies against those who act under the color of law. In order "[t]o establish a claim under 42 U.S.C. § 1983, [plaintiff] must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir.2005) (emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)). Defendants acting under color of state law are "clothed with the authority of state law," *West,* 487 U.S. at 49 (citations omitted), and their "deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc*., 457 U.S. 922, 937 (1982).

It is respectfully **RECOMMENDED** that Plaintiff's application be **denied** and that the action be **dismissed** because Plaintiff fails to state a claim within the limited jurisdiction of this Court. In addition, because Plaintiff has provided no method for the Court to communicate with him, the case cannot proceed except to dismissal.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on August 25, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy